UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACQULYN G. ROUSSEAU,

        Plaintiff,

  v.

Case No. 19-cv-1528-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

     The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

     To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

     Although the plaintiff filed an outdated petition and affidavit form, based on the facts in the affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is not married, and she has no legal dependents she is responsible for supporting. Dkt. No. 2 at 2. The plaintiff owns a 2012 Chevrolet Malibu worth approximately $9,500, and she does not own her home or any other property of value. Id. at 3. She has $12.02 in cash on hand or in a checking/savings account. Id. The plaintiff lists total monthly income of

$281.08, and monthly expenses of $281 ($57 car insurance, $28 telephone, $196 food and misc.). Id. at 4. The plaintiff states, "I receive food stamps of $194/mo and I'm supposed to get child support arrears of $87.08/mo, but I don't always get it. I live with my mother. My mother provides shelter and pays for necessities that I cannot pay for from the small amount I received every month. She bought me my car." Id. at 5. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner in his denial of benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. In addition, the plaintiff's brief states that: (1) the RFC finding is not supported by substantial evidence, id. at at 4-5; (2) the ALJ decision did not include moderate limitations in concentrating, persisting or maintaining pace in the RFC finding, id. at 5; (3) the ALJ misinterpreted some objective evidence and ignored other objective evidence, id. at 5-6; (4) the RFC failed to address the plaintiff's ability to sustain work, in violation of SSR 96-8p, id. at 6; (5) the ALJ

2

decision failed to properly consider "other evidence," including daily activities, in evaluating the plaintiff's symptoms, in violation of 20 CFR §404.1529(c)(3), id. at 7-8; (6) fibromyalgia is a big part of this case, and objective medical findings cannot be relied on to gauge the severity of the plaintiff's symptoms, id. at 8-10; (7) the decision violates the SSA's promise to claimants not to reject statements about intensity and persistence of pain because objective medical evidence does not substantiate the statements, id. at 10; (8) the decision did not provide good reason for the weight given to the opinions of the plaintiff's primary physician, id. at 10-13; and (9) the decision failed to give good reasons for the weight given to the opinion of the plaintiff's psychologist, id. at 13-15. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of October, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**
